# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:16-cr-00147-2 |
| SABRINA BOBLETT, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Sabrina Boblett was sentenced in December 2017 to 84 months imprisonment after pleading guilty to conspiring to distribute and possess with intent to distribute methamphetamine. (Doc. No. 430.) Pending before the Court are her Motion and Supplemental Motion for Compassionate Release (Doc. Nos. 501 and 514), which are opposed by the Government (Doc. No. 515). She has exhausted available administrative remedies, (Doc. No. 501 at 11), and after a review of the merits, her Motions will be denied.

Ms. Boblett asserts that she has a serious physical or medical condition justifying compassionate release based upon her obesity and Type II diabetes. (Doc. No. 514 at 5–6; see Doc. No. 517 at 87.) Compassionate release can be granted for "extraordinary and compelling reasons" based on the medical condition of the defendant when she has a "serious physical or medical condition" that substantially diminishes her ability to provide self-care in prison. U.S.S.G. § 1B1.13n.1(A)(ii); 18 U.S.C. § 3582(c)(1)(A). During the COVID-19 pandemic, this has been interpreted to apply where a defendant has medical conditions that are not well-managed in prison and that expose her to increased risk of severe illness should she contract COVID-19. United States

v. DeMille, ___ F. Supp. 3d ___, 2020 WL 2992190, at *4 (D. Or. June 4, 2020). The Court finds that Ms. Boblett's conditions do not qualify.

Although obesity and Type II diabetes place a person at risk for COVID-19, that fact does not automatically qualify a person for compassionate release. The Court must, nevertheless, make an individual inquiry. United States v. Asmar, ___ F. Supp. 3d. ___, 2020 WL 4569560, at *3 (E.D. Mich. Aug. 7, 2020) (finding that defendant with obesity, prediabetes, and fluctuating high blood pressure did not qualify for compassionate release); see Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, (updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Since adding the medication Glipizide to manage her diabetes in 2018, her condition has improved. (Doc. No. 517 at 54 and 219.) Her hemoglobin A1C levels, which tests blood sugar levels, are typically in the 7.0–7.9% range, (id. at 28, 38, 219, 240 and 286), just slightly above the traditional target level of 7% for a person with diabetes. Mayo Clinic, A1C Test, mayoclinic.org/tests-procedures/a1c-test/about/pac-20384643 (last visited Nov. 5, 2020). Her body mass index ("BMI") is 39. (Doc. No. 517 at 54, 57, 87, 233.) In sum, she is receiving medical care for her diabetes, which reasonably controls her blood sugar levels, and Ms. Boblett is receiving medical advice for her obesity. This does not paint a picture of a person with "serious physical or medical conditions."

Her medical records reflect other health conditions, but none advance the conclusion that she has a "serious physical or medical condition." Her blood pressure is consistently in the healthy range. (Doc. No. 517 at 87, 247.) Her cholesterol (hyperlipidemia) is controlled by medication. (Id. at 240, 247.) Ms. Boblett suggests that she suffers from chronic obstructive pulmonary disease (COPD) or asthma, (Doc. 501 at 22), but there is no medical support for either. United States v.

Coles, 455 F. Supp. 3d 419, 425 (E.D. Mich. 2020) (denying compassionate release to defendant who presented no evidence of a confirmed asthma diagnosis). Her chronic bronchitis resolved in February 2020. (Doc. No. 517 at 89.) Further, she has "no lung disease" according to a July 2020 pulmonology exam. (Id. at 195.) Her other health conditions—abdominal pain, digestive issues, and knee, back, and arm pain—are monitored and treated in prison. (Id. at 1, 177, 187, 211, 225.)

Finally, the Court notes that Ms. Boblett is assigned to the federal medical center, FMC Lexington, which gives her immediate access to medical care. At FMC Lexington, Ms. Boblett is at minimum increased risk for coronavirus. Of 1,200 inmates at Lexington FMC, one inmate and three staff members are positive with the virus. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Nov. 6, 2020).

Accordingly, after careful consideration and for the above reasons, the Court finds that Ms. Boblett has not established a "serious physical or medical condition" or "extraordinary and compelling reason" to support her compassionate release. Her Motions (Doc. Nos. 501 and 514) will be denied.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE